IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH RHODES, TDCJ No. 2105263, | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-1076-K-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Petitioner Kenneth Rhodes, a Texas prisoner, has filed a Rule 60(d) motion for relief from judgment, as well as an accompanying document that elaborates on the motion, entitled "Plaintiff Rhodes [sic] Writ 60-D-3/60-D-1 Motion." *See* Dkt. Nos. 37-38. The Court liberally construes these filings, collectively, as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(d)(1) and 60(d)(3) ("the motion"). For the reasons explained below, because the motion, liberally construed, is, in substance, an unauthorized successive habeas petition, the Court should dismiss it without prejudice for lack of jurisdiction. The Court also should direct the Clerk of Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-251, to Judge Kinkeade and the undersigned) and to close the same based on any order accepting this recommendation.

1

Alternatively, to the extent considered under Rule 60(d) or 59(e), the motion should be denied.

## Applicable Background

As the undersigned previously recounted in his Findings, Conclusions, and Recommendation ("FCRs") related to Rhodes's original Section 2254 petition:

> Rhodes collaterally attacks his Dallas County conviction for aggravated robbery. *See* Dkt No. 3 at 2. Rhodes entered an open plea of guilty to the charge and received a fifteen-year sentence. *See* Dkt. No. 3 at 3; *see also State v. Rhodes*, No. F16-33732-V (292nd Jud. Dist. Ct., Dallas Cnty., Tex. Nov. 21, 2016). The Fifth Court of Appeals of Texas affirmed Rhodes's conviction. *Rhodes v. State*, 05-16-01424-CR, 2017 WL 6759189, at *1 (Tex. App.— Dallas Dec. 29, 2017 pet. ref'd). The Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review (PDR). *Id.*; *see also* Doc. 3 at 3. Rhodes then filed a state habeas application, which the TCCA denied without written order. *See Ex parte Rhodes*, WR-76,124-02 (Tex. Crim. App. April 3, 2019); *see also* Dkt. No. 18-16.
>
> Rhodes then filed a *pro se* 28 U.S.C. § 2254 habeas petition and accompanying memorandum [Dkt. Nos. 3 and 4] on May 3, 2019.

Dkt. No. 26 at 1-2.

On May 27, 2021, the undersigned issued FCRs recommending that the Court deny Rhodes's application for a writ of habeas corpus, and the Court accepted the FCRs in full, issuing judgment dismissing Rhodes's habeas action with prejudice on June 30, 2021. *See* Dkt. Nos. 26, 32, 33.

On both July 16 and 26, 2021, Rhodes filed notices of appeal with the United States Court of Appeal for the Fifth Circuit. Dkt. Nos. 34, 35. Rhodes

sent the instant motion for filing on July 26, 2021, and the Court received it on August 4, 2021. *See* Dkt. No. 37 at 2; Dkt. No. 38 at 36.

## Legal Standards and Analysis

Initially, before getting to the merits of Rhodes's motion, the Court must determine whether it has jurisdiction to consider it. There are potentially two jurisdictional hurdles at play.

First, Rhodes filed two notices of appeal prior to filing the motion. *See* Dkt Nos. 34, 35. "[A] perfected appeal divests the district court of jurisdiction." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (quoting *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995)). Federal Rule of Civil Procedure 62.1 sets forth the procedure a district court must follow "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." The district court may:

> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

As the Fifth Circuit has recognized, "an effective notice of appeal strips district courts of jurisdiction to *grant* a Rule 60(b) [or d] motion, it does not prevent litigants from filing them in the district court while an appeal is

3

pending." *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010) (emphasis in original).

If the district court indicates that it will grant the motion, the appellant may "then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." *Id.* at 1074.

Here, because Rhodes has filed a notice of appeal, the Court may consider and deny the Rule 60(d) motion, or, instead, it may indicate that Rhodes's motion raises a substantial issue or that it intends to grant the motion to allow Rhodes to request a remand. *Id.* at 1073-74.

Second, a jurisdictional hurdle exists as well to the extent that the motion is a second or successive habeas petition. "A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S.Ct. 1698, 1702, 207 L.Ed.2d 58 (2020) (quoting 28 U.S.C. § 2244(b)). Indeed, the "AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) (citations omitted).

> In *Gonzalez v Crosby*, the [United States] Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition –

4

> if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

Following *Gonzalez*, then, there are "two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532). The Fifth Circuit construes "these exceptions narrowly to include '[f]raud on the habeas court' or 'erroneous previous ruling[s] which precluded a merits determination,' such as the denial of a petition for 'failure to exhaust, procedural default, or statute-of-limitations bar.'" *Gamboa v. Davis*, 782 F. App'x 297, 300 (5th Cir. 2019) (quoting *In re Coleman*, 768 F.3d at 371; omitting internal quotation marks).

And *Gonzalez's* reasoning applies with full force to Rule 60(d)(1) and (3) motions as well. That is, neither Rule 60(d)(1) nor 60(d)(3) can be used to circumvent AEDPA's requirements and limitations regarding federal

5

challenges to state criminal judgments – including the bar against successive petitions without authorization from the appellate court. *See, e.g., Kay v. Davis*, Civil Action No. H-20-3594, 2020 WL 4288458, at *1 (S.D. Tex. July 27, 2020) ("In the instant proceeding, petitioner is improperly attempting to utilize FRCP 60(d)(1) to challenge the merits of the district court's prior resolution of her habeas claims and to set aside her conviction. As *Johnson [v. Davis*, 746 F. App'x 375, 380 (5th Cir. Aug. 24, 2018)] made clear, a petitioner cannot circumvent AEDPA by filing an independent civil action that seeks readjudication of habeas claims."; footnote omitted); *Preyor v. Davis*, Civil No. SA-10-CA-857-FB, 2017 WL 4481212, at *2 (W.D. Tex. July 24, 2017) (applying *Gonzalez* in the context of a Rule 60(d)(3) motion and determining that "[b]ecause the fraud allegations concerning his original habeas counsel are simply an attempt to circumvent § 2244, petitioner's motion must be dismissed as successive under § 2244") (further citation omitted).

Here, Rhodes's motion does not fit into either of the two categories of Rule 60 motions that are cognizable in the Section 2254 context. Instead, Rhodes makes a series of claims that either rehash the grounds for relief asserted in the original federal habeas petition or advance new substantive arguments not present in the original federal habeas petition. More specifically, and liberally construing the motion, Rhodes appears to claim that (1) his plea agreement was invalid or breached because the State's case against him for aggravated robbery relied on perjured testimony from the

6

victim that Rhodes used scissors to affect the robbery (Dkt. No. 38 at 9-11); (2) his trial counsel was ineffective for failing to investigate Rhodes's mental health history and for failing to seek a "mental/psychiatric examination" (*id.* at 12); (3) his trial counsel was ineffective for allowing the State to use perjured testimony – again, presumably the testimony from the robbery victim that Rhodes used scissors to effectuate the robbery – during the pre-sentence-investigation hearing (*id.* at 18); (4) the State violated his Fifth Amendment right to present a defense by relying upon perjured testimony during the plea bargain/pre-sentence-investigation hearing (*id.* at 20); (5) the State violated his Fourteenth Amendment right to due process by using perjured testimony during the plea bargain/pre-sentence-investigation hearing to obtain a conviction (*id.* at 21); (6) the State, by its use of perjured testimony in the plea bargain/pre-sentence-investigation hearing phase, committed fraud on the state court (*id.* at 28); (7) the State committed fraud on this court by failing to correct the perjured testimony in these federal habeas proceedings (*id.*); and (8) that Rhodes's conviction violates the "14th Amendment of the United States Equal Protection against Discrimination of the Mentally Ill." *Id.* at 3. Rhodes also appears to argue that the Court conspired with the State to only give him a 31-day extension to file objections to the FCR – as opposed to the 90 days he originally sought – to obtain medical records showing his incompetence. *Id.* at 2; *see also* Dkt. Nos. 27, 28.

These are the kind of claims that the Court in *Gonzalez* found would make a Rule 60(b) – or, in this case, (d) – motion a successive petition. For the most part, Rhodes either re-advances or re-packages the same substantive claims that the Court already rejected in denying his habeas petition – specifically that his counsel was ineffective for failing to request a competency hearing, failing to investigate his case generally, and failing to object to the State eliciting perjurious testimony from the victim; and that his due process rights were violated by the State's use of the supposedly-perjured testimony. Rhodes's reliance on these already-litigated, substantive claims places his Rule 60(d) motion into successive habeas petition territory. *See Gonzalez*, 545 U.S. at 532 (noting that a Rule 60 motion is a successive petition if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the provisions of the statutes, entitled to habeas relief"). The same is true of any new, substantive grounds for relief – for example, that the State defrauded the state courts by relying upon perjured testimony, or that Rhodes's conviction violates the Equal Protection component of the Fourteenth Amendment. *See id.*

As for Rhodes's assertions that this Court's proceedings were tainted by the State's failure to correct the supposed perjured testimony that it relied upon to sustain the aggravated robbery charge, this is not the kind of defect-

8

in-the-proceeding claim that would make consideration of Rhodes's Rule 60(d) motion proper. The argument that a fraud was committed on this Court because the State used perjured testimony in the state proceedings and failed to correct it here assumes that the testimony was indeed perjured. But the state habeas court, even if implicitly, already rejected the argument that the victim's allegedly-perjured testimony warranted habeas relief. And this Court found that conclusion to be in accordance with the AEDPA because Rhodes waived argument on the issue by pleading guilty. *See* Dkt. No. 26 at 23-34. Rhodes's claim of fraud on the court, by assuming that the victim's testimony was, in fact, perjured, is a roundabout way of re-arguing the perjury issue and asking the Court to revisit its prior determination on the use-of-perjured-testimony argument. This the Court cannot do.

And finally, as to the claim that this Court conspired with the State to deny Rhodes's request for a 90-day extension to file objections to the FCR, this claim, too, is not the kind of defect-in-the proceedings claim that conforms with §2244. By this claim, Rhodes seeks to acquire more evidence to support his already-litigated, underlying substantive claim that he lacked competence to enter a guilty plea. The Court in *Gonzalez* expressly indicated that a Rule 60 motion is a successive petition when it presents new evidence in support of an already-litigated claim, which is the end-goal of Rhodes's conspiracy claim.

Because Rhodes's motion is, in substance, and liberally construed, an unauthorized successive petition under Section 2244 for which he has not received authorization to file from the appellate court, it should be denied without prejudice for lack of jurisdiction.

But even were the Court to consider the motion's merits, Rhodes has not shown that relief under Rule 60(d) is appropriate. Federal Rule of Civil Procedure 60(b)(3) "allows a court to grant relief from a final judgment because of 'fraud[,] … misrepresentation, or misconduct by an opposing party,' but a motion made pursuant to 60(b)(3) must be filed within one year of the judgment, at the latest." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (per curiam) (quoting FED. R. CIV. P. 60(b)(3); citing FED. R. CIV. P. 60(c)(1)).

> Rule 60(d)(3) functions as a savings clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney was implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s]…the species of fraud which does or attempts to[ ] defile the court itself." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quotation omitted).

*Id.* (footnote omitted).

Rhodes does not allege – much less show – anything of that sort here. The closest that he gets is a statement that the Court's allowance of a 31-day extension to file his objections to the FCRs, instead of the 90 days that he

10

sought, has the "appearance of conspiracy on the part of the Court with State officials." Dkt. No. 38 at 2. Although unclear, to the extent that he claims that this Court conspired with "State Officials" in only granting him a 31-day extension to get his medical records, this is a conclusory, unsupported allegation insufficient to sustain a Rule 60(d) fraud-on-the-court claim. *See, e.g., Campbell v. Shulkin*, Action No. 2:16cv512, 2017 WL 4507469, at *5 (E.D. Va. May 12, 2017) (dismissing fraud-on-the-court claim where the plaintiff provided only "speculation and legal conclusions, unsupported by facts," to sustain his claim); *Johnson v. United States*, No. 4:07CV00365 ERW, 2011 WL 940841, at *4 (E.D. Mo. Mar. 16, 2011) (dismissing conclusory fraud-on-the-court claim premised upon an alleged "impermissible pre-trial intervention and a conspiracy between the Court, the United States Attorney, and Movant's defense counsel to deprive Movant of his federal rights, and noting that "[i]n order to prevail on motion under Rule 60(d)(3), the burden is on the moving party to establish fraud by clear and convincing evidence"; citing *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002); *England v. Doyle*, 281 F.2d 304, 309-10 (9th Cir. 1960); *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002); *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996); *Galatolo v. United States*, 394 F. App'x. 670, 672 (11th Cir. 2010)); *Price v. United States*, Civil Action No. 2:99cv1183-TMH, 2010 WL 5343199, at *4 (M.D. Ala. Nov. 5, 2010), *rec. accepted*, 2010 WL 5388048

(M.D. Ala. Dec. 21, 2010) (rejecting fraud-on-the-court claim, in part, because it was sustained only by the conclusory allegation of *pro se* litigant).

As for Rule 60(d)(1), this provision provides that Rule 60 does not limit the district court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018). The Fifth Circuit has identified five elements of an independent action in equity under FRCP 60(d)(1): (1) a prior judgment which "in equity and good conscience" should not be enforced; (2) a meritorious claim in the underlying case; (3) fraud, accident, or mistake which prevented the party from obtaining the benefit of their claim; (4) the absence of fault or negligence on the part of the party; and (5) the absence of an adequate remedy at law. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667-68 (5th Cir. 1981). But, here, Rhodes does not explain how any of these elements are met. He has not carried his burden of showing entitlement to an independent action under Rule 60(d)(1).

Finally, the Court notes one additional merits-related wrinkle: whether the Court should construe Rhodes's motion under Rule 59(e) instead of Rule 60, and what, if any, effect that has on the analysis. Rhodes styles his motion as one under Rule 60(d), and the analysis above takes him at his word. But Rhodes avers that he "sent" the motion to this Court on July 26, 2021. The "prisoner mailbox rule" – announced in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) – provides that a *pro se* inmate's notice of appeal is

12

deemed filed on the date that the inmate gives notice to prison authorities to be sent to the relevant court. 487 U.S. at 270-71. And "[f]ederal courts, including [the United States Fifth Circuit Court of Appeals], have extended *Houston's* rationale to apply to a variety of other filings by *pro se* prisoners." *Brown v. Taylor*, 829 F.3d 365, 367 (5th Cir. 2016) (footnote omitted). And pertinent here, in *Brown v. Taylor*, 569 F. App'x 212, 213 (5th Cir. 2014), the Fifth Circuit applied the "prisoner mailbox rule" to a Rule 59(e) motion.

All of that might matter here because, to the extent that Rhodes's motion comes within Rule 59(e)'s 28-days-from-the-entry-of-judgment window for filing and is accordingly construed as a Rule 59(e) motion, it is not a successive petition pursuant to recent Supreme Court precedent. *See Banister*, 140 S.Ct. at 1702; *see also* Dkt. No. 37 at 2; Dkt. No. 38 at 36; *see also Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). And, although Rhodes labels his motion as one under Rule 60(d), the Court is not bound by Rhodes's characterization of his motion. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (explaining that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category"; citations omitted).

13

But, even if the Court considers Rhodes's motion under Rule 59(e), the result is the same. To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Rhodes does not identify an intervening change in controlling law. As for new evidence not previously available, he attaches two exhibits to his motion that he claims show that he lacked competence to enter his guilty plea: a document entitled "intake mental health evaluation" from January 3, 2017, and a mental health evaluation from February 28, 2017. Dkt. No. 38 at 39, 40. The latter evaluation indicates a diagnosis of depression. *See id.* at 40. But, as indicated by their dates, these documents were available to Rhodes

14

when he submitted his federal habeas petition. And, at any rate, following *Cullen v. Pinholster*, 563 U.S. 170 (2011), this Court lacks the ability under Section 2254(d)(1) to consider new evidence that the state court did not consider in adjudicating a claim on the merits unless the petitioner demonstrates that habeas relief is warranted under Section 2254(d) on the state court record alone. *See Broadnax v. Lumpkin*, 987 F.3d 400, 406-407 (5th Cir. 2021) (citation and footnote omitted).

The Court previously found that Rhodes did not make that showing in his Section 2254 petition, and he fails here to show a manifest error of law or fact that would cause the Court to revisit that determination. Instead, his motion rehashes argument on the big-ticket issues in his original petition – namely, his competence to enter a guilty plea and the supposedly-perjured testimony of the robbery victim. Both issues were addressed – with the competency issue considered in relation to an ineffective assistance of counsel claim, as it was presented – in the undersigned's FCRs, which the Court adopted in full. *See* Dkt. Nos. 26 at 19-21, 23-24; 32; 33. A Rule 59(e) motion is not the appropriate mechanism to relitigate them. And to the extent that Rhodes raises any new claims or arguments, he fails to explain why these were not raised in his original petition, so relief under Rule 59(e) is not appropriate. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995); footnotes omitted).

In sum, to the extent the Court considers the merits of the motion – whether under Rule 60(d) or Rule 59(e) – it should be denied.

### Recommendation

Because Rhodes's Rule 60(d)-based Motion for Relief from Judgment, liberally construed, is, in substance, an unauthorized successive petition under 28 U.S.C. § 2244(b)(3)(A), the Court, construing it as such, should dismiss it without prejudice for lack of jurisdiction as a successive petition. The Court should also direct the Clerk of Court to open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to Judge Kinkeade and the undersigned) and to close the same based on accepting this recommendation. Alternatively, to the extent considered under Federal Rule of Civil Procedure 60(d) or 59(e), the motion should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: August 12, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE